# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DANIEL PORTER and MARITIME RESEARCH & RECOVERY, LLC | § § § | |
| v. | § § | CIVIL ACTION NO. 3:25-CV-0744-S |
| CARL ALLEN and ALLEN EXPLORATION, LLC | § § § | |

## **ORDER**

Defendants' Notice of Removal, filed October 10, 2024, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of Plaintiff Daniel Porter, Plaintiff Maritime Research & Recovery, LLC ("Maritime Research"), and Defendant Allen Exploration, LLC ("Allen Exploration").

Defendants allege: "According to the allegations in the Complaint, Plaintiff Porter is a resident of Martin County, Florida. Porter is a citizen of Florida for purposes of diversity jurisdiction." Notice of Removal [ECF No. 1] ¶ 9 (internal citation omitted). Allegations of residency are not sufficient to establish the citizenship of an individual. An individual is domiciled, and therefore a citizen, in the state where he has his true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("[C]itizenship means domicile; mere residence in the State is not sufficient."). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

Maritime Research and Allen Exploration are limited liability companies. Notice of Removal ¶¶ 10-11; Removal Status Report [ECF No. 8] § II. Allegations regarding the citizenship of a limited liability company require "the citizenship of every member of [the] LLC." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Therefore, Defendants must identify each member of Maritime Research and Allen Exploration and allege the required jurisdictional facts for each member. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) ("[T]he 'appropriate tests for citizenship' involve 'tracing [entities'] citizenships down the various organizational layers where necessary[.]'" (second alteration in original) (citation omitted)).

Until Defendants allege the citizenship of Porter, Maritime Research, and Allen Exploration, this Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Accordingly, no later than 21 days from the date of this Order, Defendants must file an amended notice of removal that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be remanded to state court.

The Court has not specifically evaluated whether the Notice of Removal complies with Northern District of Texas Local Civil Rule 81.1. If Defendants are satisfied that the Notice of Removal complies with Rule 81.1 and that additional documents are unnecessary to address the defect identified in this Order, the amended notice of removal required by this Order need not also contain the documents required by Rule 81.1.

**SO ORDERED.**

SIGNED April 1, 2025.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE