IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

CIVIL ACTION NO. 3:25:-cv-00744-S

DANIEL PORTER, Individually, and
MARITIME RESEARCH & RECOVERY, LLC,

        Plaintiffs,

v.

CARL ALLEN, Individually, and
ALLEN EXPLORATION, LLC,

        Defendants.

_____/

**PLAINTIFFS DANIEL PORTER AND MARITIME RESEARCH
& RECOVERY, LLC RESPONSE TO COURT ORDER OF 4/1/25**

**COMES** now Plaintiffs, Maritime Research & Recovery, LLC (hereinafter referred to as MMR) and Daniel Porter, and files their Response to this Court's Order of April 1, 2025 which questioned whether the Court had subject matter jurisdiction based upon diversity of citizenship.

Based on the facts in this response, and legal authority, the Plaintiffs submit that this Court indeed has subject matter jurisdiction based upon complete diversity of citizenship between the parties. However, should this Court determine that remand is required, this Court should remand this case to the court from which it came: The 19th Judicial Circuit in and for Martin County, Florida.

As grounds in support of this position the Plaintiffs would show and allege:

1. On April 1, 2025 this Honorable Court entered an Order questioning whether it had subject matter jurisdiction based upon diversity of citizenship.

2. In that Order this Court ordered the Defendants to substantiate whether diversity of citizenship exists, and if the Defendants failed to verify diversity of citizenship the Court would "remand" this case to State Court.

3. The Plaintiffs have patiently awaited the Defendants' response to the 4/1/25 Order, yet as of this filing the Defendants have not responded to the Court's inquiry.

4. The Plaintiffs believe that the Defendants do not intend to respond to the Court's Order; and instead seek a remand of this case to a Texas State Court. Plaintiffs submit that the Defendants now wish to litigate this case in a State Court in Texas where they believe they may have some advantage otherwise not attainable in Federal Court. See attached message from Defendant Carl Allen to MRR investors Art Schweizer dated 9/8/24 in which he boasted, "*We do love a good home game*," (Exhibit "1").

5. The Plaintiffs submit that on the question of subject matter jurisdiction, that they have the right, if not the obligation, to answer the Court's question on jurisdiction if the Defendants choose not to.

  Further, the Plaintiffs can find no authority granting to a Defendant, who has successfully removed a case to Federal Court, the ability to have the case remanded back to State Court once removal has occurred. A Defendant's silence to a Court's question on citizenship diversity should not become an option for the Defendant to engineer a return to State Court by failing to respond to the question.

6. Complete diversity of citizenship between the parties exists given the following facts, information and belief:

  a) **Daniel Porter** –

Mr. Porter has been a life-long citizen of Florida. Mr. Porter was born in Florida, attended school in Florida, and but for periodic temporary trips, has made his home for the past five years at 4458 SW 83rd St., Palm City, Florida 34990. Mr. Porter has listed his home address on his Florida driver's license (attached Exhibit "2") and has listed his home address on his two vehicle registrations. Mr. Porter also uses his home address to receive mail.

b) **Maritime Research & Recovery, LLC (MRR)** –

Maritime Research & Recovery, LLC, is a Limited Liability Company formed in Delaware. None of the Members of MRR live in Texas. The Members' names and addresses are:

Art Schweizer: 14267 Leeward Way, Palm Beach Gardens, FL 33410

Barfield Hosch Holdings, LLC: 120 Interstate North Pkwy, Ste. 130, Atlanta, GA 30339

Bruce W. Howard: 47205 Via Antibes, La Quinta, CA 92253

Candi Nichols: 8010 Angelica Lane, Apt. 303, Charlotte, NC 28277

Daniel J. Porter: 4458 SW 83rd St., Palm City, FL 34990

Drummond Brown: 28485 Yucatan Lane, Little Torch Key, FL. 33042

FNG Treasure Hunting LLC: 3218 Riviera Drive, Key West, FL. 33040

Frederick A. Schweizer: 8947 Tibbitts Road, New Hartford, NU 13413

George Robert Dirkes: 6905 Black Horse Pike, Mays Landing, NJ 08330

Gerry McNamee: 2004 Coconut Drive, Fort Pierce, FL 34949

Howard Virkler: 15826 Lake Ridge Road, Charlotte, NC 28278

James Parker: 22739 NW Parker Lane, Altha, FL 32421

James Sinclair: 2709 Rutgers Court, Hentico, VA 23233

John F. Davis III: 41690 Valley Court, Elizabeth, CO 80107

John Grapsas: 7 16th St., St. Augustine, FL 32080

John Lennon: 2901 East Camelback Rd., Ste. 225, Phoenix, AZ 85016

Jonathon Lee: 8140 Grafton End Dublin, OH 43016

M. Lee Garrison: 458 Fenton Place, Charlotte, NC 28207

Michael McDowell: 24 Headland Rd., N. Curl Curl, Sydney NSW 2099 Australia

No Quarter Investments, LLC: 5906 Glen Echo Drive, Howell, MI 48843

Paper Crown, Inc: 1224 Scott Street, San Diego, CA 92106

Richard Beleson: 1750 Taylor St., Unit 302, San Francisco, CA 94133

Robert Lyon: 102 Plantation Drive, Spartanburg, SC 29302

Susanna Schweizer: PO Box 627, Portsmouth, NH 03802

Todd Phillips, 413 West Yosemite #106, Madera, CA 93637

Wade Schneider: 210 South 27th Avenue, Eldridge, IA 52748

   c) **Carl Allen** -

   Mr. Allen is a citizen of, and lives in, Texas (see attached driver's license Exhibit "3") and the Defendants' assertion in the "removal status report" that Mr. Allen lives in Texas when not in the Bahamas and votes in Texas [ECF #8, Pages 4 & 5].

   d) **Allen Exploration, LLC (AEX)** –

   On information and belief Allen Exploration, LLC, is a Limited Liability Company formed in Texas and its sole owner is Carl Allen. (See corporate document attached Exhibit "4").

7. The Defendants, in their pleadings used to remove this case from the Circuit Court in Florida, verified that Carl Allen lived in Texas and that he and Allen Exploration met diversity of citizenship criteria.

4

8. The Defendants have consistently maintained, and requested, that the case be transferred to *this* Court; Federal Court for the Northern District of Texas.

9. The Court Order from Judge Martinez granting the Defendants' request to transfer this case specifically ordered that the case in its entirety ***"be transferred to the District Court for the Northern District of Texas."*** See [ECF 49, Order Granting Motion to Transfer Case]. Page 10, ***"Accordingly, it is Ordered and Adjudged that 2. The Clerk is Directed to Transfer this case in its entirety to the United States District Court for the Northern District of Texas Dallas Division."***

10. Should this Court find that the Defendants' silence to its 4/1/25 Order mandates remanding this case to State Court, the only appropriate Court to remand it to would be the Court from which it was removed from; the Circuit Court in and for Martin County, Florida.

    It is in that Circuit Court that this case was first filed in, jurisdiction exists, filing fees paid, and a case number assigned: **No. 24000831 CAAXMX**.

    By comparison there is no pending or prior case between these parties in any State Court in Texas. No State Court case number exists for this action, no filing fees have been paid, and jurisdiction of the State Court is questionable.

11. The statutory authority for this Court to remand this action to State Court clearly establishes that an action remanded to a State Court returns to the State Court from which it was removed. See 28 USC 1447 (a),(c),(d).

    > (c) ***"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the Clerk to the Clerk of the State court. The State court may thereupon proceed with such case."***

(d) *"An Order remanding a case to the State court <u>from which it was removed</u>   (emphasis added) is not reversable on appeal or otherwise."*

12. By analogy see the decision In Re: **Charles Evans Trucking, Inc. v. Charles Gay Evans & Sons, et al,** 595 B.R. 715, 724 (2018) United States Bankruptcy Court S.D. Mississippi. Holding that when a court determines it does not have jurisdiction over the cause of action, the order of remand carries with it a "*retroactive determination*" that the cause of action was not subject to removal, the action should be remanded to the "original court" from which it was removed.

> See also Black's Law Dictionary, 2nd Ed, definition of the word remand:
>
> > *"To remand a case, brought into an appellate court or removed from one court into another, is to send it back to the court from which it came, that further proceedings in the case, if any, may be taken there."*

13. If the Defendants fail to respond to this Court's April 1st Order, their silence is in essence, proof, that their action to remove this case to Federal Court was part of their strategic maneuvering – perhaps to make a straightforward breach of contract action so complex and so costly to the Plaintiffs that the Plaintiffs' ability to prosecute this case would be compromised or eliminated.

14. The Plaintiffs' attempt to seek justice, and have this case promptly adjudged, has suffered from the Defendants' decision to remove this case to Federal Court. The removal caused a nearly 8 months' delay, during which the Defendants' conduct during Discovery imposed substantial harm to the Plaintiffs. Thus, the Defendants, if this case be remanded, should be responsible for Plaintiffs' just costs, expenses and attorneys' fees incurred as a result of the removal of the case.

**Wherefore**, the above-stated facts and beliefs, and legal authority, the Plaintiffs submit that this Court has subject matter jurisdiction over this case. However, should the case be remanded to "State Court," that the Court it should be remanded to is the 19th Judicial Circuit in and for Martin County, Florida, Case No. 24000831 CAAXMX, and to further award to Plaintiffs their just costs, actual expenses, and attorneys' fees incurred because of the removal.

**LAW OFFICE OF RICHARD D. KIBBEY, P.A.**
Attorney for the Plaintiffs
416 SW Camden Avenue
Stuart, FL 34994
Telephone: (772)286-0023

*/s/ Richard D. Kibbey*
**RICHARD D. KIBBEY**
Florida Bar No. 255149
Email: Kibbeylegal@gmail.com

**JASON M. WANDNER, P.A.**
Attorney for the Plaintiffs
100 N. Biscayne Blvd, Suite 1607
Miami, FL 33132
Telephone: (786)412-1505

*/s/ Jason M. Wandner*
**JASON M. WANDNER**
Florida Bar No. 0114960
Email: Jason@wandnerlaw.com

**JAMES T. JACKS**
Attorney for the Plaintiffs
Fitzpatrick Jacks Smith & Uhl
Ross Tower
500 N. Akard, Suite 2150

Dallas, TX. 75201

*/s/ James T. Jacks*
Texas Bar No. 10449500
214.237.0900(office)
jim@jamesjackslaw.com

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that all current counsel of record have been served with a copy of the foregoing document via the Court's CM/ECF system, according to Local Civil Rule 5.1, on this 21st day of April, 2025.

**ROBERT L. SAYLES**
**BRIAN M. GILLETT**
Bradley Arant Boult Cummings LLP
Attorneys for Defendants
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9800
Email: rsayles@bradley.com
Email: bgillett@bradley.com

**DAVID G. CONCANNON**
Concannon & Charles, PC
Attorney for Defendants
810 Asbury Avenue, No. 203
Ocean City, NJ 08226
Telephone: (609) 365-0012
Email: david@davidconcannon.com

8

# EXHIBIT 1

I wanted to throw in that I am following the current situation closely and I have just got off a call with Art and Dan as we discuss all matters and we like to move forward with a mutual consensus between we three as we are by far the majority of membership in MRR and we are the only three members in the two LLCs that own the vessels .
Art is the most appropriate of the three of us to continue any further discussions and clarifications with you at your discretion of course. Art has our confidence and he will advise us of any developments or suggestions if there can be mutual movement forward .
He is very focussed on keeping us updated along the way
Let's see if we can make it work
Have a good Saturday there

Regards
Mike McDowell

[9/7/24, 9:03:32 AM] Carl Allen: Thank you Mike. Had a good conversation with Art yesterday we are due to speak again this Morning.
Hope things are well down under!

[9/7/24, 11:22:15 AM] Art The man Art: Carl to futher our conversation I just looked up the 21/22 dividision. You were going to get the big chain in tack, if there are other items you desire we can do some trading from 2020 dividision. As long as the total points add up.
Secondly if you want retribution from Dan. What is it you want.

[9/8/24, 11:00:16 AM] Carl Allen: Art,
Allen X has decided to use its own assets moving forward and will not need to charter your vessels.
I usually don't even think about the word lawyer until last resort. But since you mentioned lawyers four times in two phone calls now I decided to consult my Legal Teams in Dallas and Austin. After a lengthy conversation one thing we find interesting. In over three years of termination not one word of protest at all of the letter. You may want to check Texas Law on that one while weighing your options in this case.
It's now been decided to not offer any deals at all now and as you have said several times, maybe it's time that other people than us make this decision.
We do love a good Home Game.

# EXHIBIT 2



# EXHIBIT 3



# EXHIBIT 4

○ Companies   ○ Officers

# ALLEN EXPLORATION, LLC

**Company Number**
0706889022

**Status**
In Existence

**Incorporation Date**
Please log in to see this data

**Company Type**
Domestic Limited Liability Company (LLC)

**Jurisdiction**
Texas (US)

**Registered Address**
5215 N O CONNOR BLVD STE 2650

IRVING

75039

TX

USA

**Alternative Names**
ALLEN EXPLORATION, LLC (trading name, 2000-05-22 - )

**Agent Name**
Carl A Allen

🔒 opencorporates.com